# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL BALBO,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>KEN CLARK, et.al.,<br><br>　　　　　Respondent.<br>　　　　　　　　　　　　　　　　／ | 1:08-cv-00130 AWI DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO SEND PETITIONER BLANK §1983 COMPLAINT FORM |

　　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　　Petitioner filed the instant petition for writ of habeas corpus on January 11, 2008, in the United States District Court for the Northern District of California. The action was transferred to this Court by order issued January 18, 2008. (Court Doc. 1.)

　　　　Petitioner is currently residing in the California Department of Corrections and Rehabilitation at Corcoran State Prison, California. As far as the Court can ascertain from the petition[1], Petitioner contends that he has Cancer and is in imminent danger of dying, he has not been provided adequate medical treatment, the prison is overcrowded by a large number of inmates, he has no access to the law library, courts, or legal materials, he has been placed in solitary confinement and his medical devices have been confiscated, and prison officials have

---

[1] The petition is partly incoherent and illegible.

1

1  engaged in retaliation against him.[2]  (See Petition, in general.)

2  DISCUSSION

3  Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary
4  review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it
5  plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule
6  4 of the Rules Governing  2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490
7  (9th Cir.1990).  A federal court may only grant a petition for writ of habeas corpus if the
8  petitioner can show that "he is in custody in violation of the Constitution . . . ."  28 U.S.C. §
9  2254(a).  A habeas corpus petition is the correct method for a prisoner to challenge the "legality
10 or duration" of his confinement.  Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting*,
11 Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the
12 Rules Governing Section 2254 Cases.   In contrast, a civil rights action pursuant to 42 U.S.C. §
13 1983 is the proper method for a prisoner to challenge the conditions of that confinement.
14 McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991);  Preiser, 411 U.S. at 499;  Badea, 931 F.2d at
15 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

16 In this case, despite the fact that Petitioner seeks release as part of his claim for relief,
17 Petitioner is challenging only the conditions of his confinement, not the fact or duration of that
18 confinement.  Thus, Petitioner is not entitled to habeas corpus relief, and this petition must be
19 dismissed.  Should Petitioner wish to pursue his claims, Petitioner must do so by way of a civil
20 rights complaint pursuant to 42 U.S.C. § 1983.

21 RECOMMENDATION

22 Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be
23 DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas
24 corpus relief.

25 This Findings and Recommendation is submitted to the assigned United States District
26 Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of

27 ─────────────────

28  [2] The Court takes judicial notice of the fact that Petitioner currently has another action pending in this Court, see 1:07-cv-01715 LJO GSA HC, in which he makes similar allegations.

the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

## ORDER

The Clerk of Court is DIRECTED to SEND Petitioner a blank civil rights complaint form for prisoners seeking relief 42 U.S.C. § 1983.

IT IS SO ORDERED.

Dated:   **February 25, 2008**              **/s/ Dennis L. Beck**
                                   UNITED STATES MAGISTRATE JUDGE